UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL DOGGETT | § | |
| | § | |
| | § | |
| V. | § | Civil Action No. 18-855 |
| | § | |
| RINOK CORP AND | § | |
| TALGAT USMANOV | § | |

## DEFENDANT RINOK CORP.'S NOTICE OF REMOVAL

Defendant Rinok Corp. files this its Notice of Removal under 28 U.S.C. §§ 1441, 1446 and 1332, and would respectfully show the following:

## I.

## INTRODUCTION

1.1     On July 11, 2018, Plaintiff Michael Doggett ("Plaintiff") filed a personal injury lawsuit against Defendants Rinok Corp., and Talgat Usmonov, in Cause No.2018CI12740, in the 255th District Court of Bexar County, Texas.  Plaintiff alleges that he suffered injuries as a result of a motor vehicle accident involving Plaintiff and Defendant Talgat Usmanov that occurred on or about December 6, 2017.  *See Exhibit A (2), Plaintiff's Original Petition and Certificate of Written Discovery* ¶ 9.  Plaintiff alleges that Defendant Talgat Usmanov was an employee of Defendant Rinok Corp. Id. at ¶ 8, 9, and 11.

1.2     Service of citation on Defendant Rinok Corp. was executed on July 27, 2018.  *See Exhibit A (3), Return Service of Citation.*

1.3     Defendant Talgat Usmanov has not yet been served, and has not made an appearance, or filed an answer.

1.4     In Plaintiff's Original Petition, he alleges monetary relief to exceed $1,000,000.00. *See Exhibit A (2), Plaintiff's Original Petition and Certificate of Written Discovery ¶ 4.* Plaintiff alleges past and future physical pain, mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, loss of enjoyment of life, medical care expenses, property damages, and loss of use.

1.5     The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between citizens of different states.

## II.

## THE PARTIES

2.1     Plaintiff is an individual and a citizen of the State of Texas, County of Bexar. *See Exhibit A (2), Plaintiff's Original Petition and Certificate of Written Discovery ¶ 6.*

2.2     Defendant, Rinok Corp., is a corporation formed in and under the laws of the State of Florida, with its principal place of business located in the State of Florida. Defendant Rinok Corp., is a citizen of the State of Florida and is not a citizen or resident of the State of Texas.

2.3     Defendant Talgat Usmanov is an individual that is a citizen of Kazakhstan, and is a legal resident alien of the State of New York.

430129/09.0006

### III.

### <u>PROCEDURAL REQUIREMENTS FOR REMOVAL</u>

3.1     Removal is timely, as Defendant Rinok Corp., was served with citation in this matter on July 27, 2018, which gave Defendant official notice of this matter and initiated the 30-day deadline for removal under 28 U.S.C. §1446 (b)(1).

3.2     Defendant Talgat Usmanov has not yet been served, and has not made an appearance or filed an answer.  Consequently, Defendant Usmanov's consent is not required at this time.  However, upon information and belief, it is Defendant Rinok Corp's understanding that Defendant Usmanov will consent to removal.

3.3     Upon filing of this Notice of Removal, written notice of this filing is being given by the removing Defendants to Plaintiff's counsel as required by law.  A copy of this Notice is also being filed with the Clerk of the Court in Bexar County, Texas, where the cause was originally filed.  A copy of all processes, pleadings, and orders are being filed contemporaneously with this Court pursuant to 28 U.S.C. §1446(a).

### IV.

### <u>VENUE</u>

4.1     Venue is proper because the Western District of Texas, San Antonio Division, embraces Bexar County, where the original lawsuit is pending.  28 U.S.C. §1441(a).

### V.

### <u>JURISDICTIONAL BASIS FOR REMOVAL</u>

5.1     Removal is proper pursuant to 28 U.S.C. §1332 because there is complete diversity between the parties and Plaintiff seeks damages in excess of $75,000.00.

430129/09.0006

5.2     Defendants are not a citizens or residents of the state of Texas. *See Exhibit A (2),*
*Plaintiff's Original Petition and Certificate of Written Discovery* ¶ 7-8.

5.3     Defendant Rinok Corp., is a company formed in and under the laws of the State of
Florida, and has its principal place of business in Florida.

5.4     Defendant Talgat Usmanov is an individual that is a citizen of Kazakhstan, and is
a legal resident alien of the State of New York.

5.5     With regard to the amount in controversy, Plaintiff expressly pleads damages to
exceed $1,000,000.00 which establishes and exceeds this court minimum jurisdictional limit for
the amount in controversy. *See Exhibit A (2), Plaintiff's Original Petition and Certificate of
Written Discovery* ¶4.

## VI.

## PRAYER

Defendant, therefore, prays that this Notice of Removal be deemed sufficient and that the
proceedings attached hereto be removed from the 255th Judicial District, Bexar County, Texas, to
the docket of this Honorable Court.

Respectfully submitted,

ROBERT A. VALADEZ
State Bar No.  20421845
DAVID L. JONES
State Bar No. 24002370
Shelton & Valadez, P.C.
600 Navarro, Suite 500
San Antonio, Texas  78205
Telephone:  (210) 349-0515
Telecopier:  (210) 349-3666
rvaladez@shelton-valadez.com

**COUNSEL FOR DEFENDANT
RINOK CORP.**

4

430129/09.0006

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was electronically filed and served in accordance with the Federal Rules of Civil Procedure on the 17th day of August, 2018, to counsel of record as follows:

### *Via Email & CM/RRR*
Thomas J. Henry
L. Brent Farney
THOMAS J. HENRY INJURY ATTORNEYS
521 Starr Street
Corpus Christi, Texas 78401
bfarney-svc@thomsjhenrylaw.com


ROBERT A. VALADEZ

430129/09.0006

# EXHIBIT "A"

FILED
7/11/2018 4:43 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Jackson

NO. _____ **2018CI12740** _____

| | | |
|---|---|---|
| MICHAEL DOGGETT | § | IN THE DISTRICT COURT |
| *Plaintiff,* | | |
| | | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | | |
| RINOK CORP. AND | | |
| TALGAT USMANOV | | |
| *Defendants* | § | **225th** ___ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

**AND CERTIFICATE OF WRITTEN DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff **Michael Doggett** ("Plaintiff"), complaining of **Rinok Corp. and Talgat Usmanov** (referred to by name or as "Defendant" or "Defendants"), and for cause of action respectfully shows:

**DISCOVERY LEVEL DESIGNATION**

1.     Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Plaintiff moves for entry of a Level 3 Discovery Control Plan and docket control order upon the answer and appearance of Defendant(s).

**CERTIFICATE OF WRITTEN DISCOVERY**

2.     Requests for Disclosure, Written Interrogatories, and Requests for Production were served on all Defendants with the *Citation* and were attached to *Plaintiff's Original Petition and Certificate of Written Discovery* served in this cause.

3.     Plaintiff hereby gives notice of Plaintiff's intent to use documents produced by any party hereto in any pretrial proceeding and at trial against the producing party, pursuant to Tex.R.Civ.P. 193.7.

## JURISDICTION AND VENUE

4.      As required by Rule 47(b), Texas Rules of Civil Procedure, the damages sought in this case are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by the jury.

5.      Venue is proper in Bexar County, Texas, because all or a substantial part of the events or omissions giving rise to this claim occurred in Bexar County, Texas.

## PARTIES / SERVICE OF PROCESS

6.      Plaintiff is an individual residing in Bexar County, Texas.

7.      Defendant **Rinok Corp.** is a company doing business in Texas at the time of the occurrence in question which may be served with process by serving Rinat Usmanov, an officer of the company, at 1242 Grant Ct., Hollywood, Florida 33019. As used herein, "Rinok Corp." means and includes its agents, servants, employees, and vice-principals acting in the course and scope of their duties and responsibilities for this Defendant, including but not limited to Talgat Usmanov.

8.      Defendant **Talgat Usmanov** is an individual doing business in Texas at the time of the occurrence in question who was acting in the course and scope of his employment for Rinok Corp. at the time of the occurrence in question, and who may also be served with process by serving Rinok Corp. at 1242 Grant Ct., Hollywood, Florida 33019.

## CAUSES OF ACTION

9.      On or about December 6, 2017, Plaintiff was operating his vehicle in Bexar County, Texas, in a reasonably safe and prudent manner when his vehicle was struck by a vehicle being negligently operated by Defendant Talgat Usmanov in the course and scope of his employment with Defendant

Rinok Corp. proximately causing personal injuries to the Plaintiff and damages to the Plaintiff's vehicle.

10.     Defendant Talgat Usmanov's negligence in connection with the occurrence in question, including but not limited to in one or more of the following respects, proximately caused the injuries and damages to Plaintiff for which Plaintiff hereby sues:

- Faulty evasive action;

- Failing to timely apply brakes in order to avoid the collision;

- Failing to keep a proper lookout and driver inattention;

- Failing to control the vehicle;

- Failing to control speed;

- Failing to turn the vehicle in an effort to avoid the collision;

- Failing to yield the right of way; and/or

- Such other and further negligence and negligence *per se* as discovery may reveal.

11.     Defendants Rinok Corp. is liable under the doctrine of *respondeat superior* for the conduct of Talgat Usmanov in connection with the occurrence in question because he was operating the vehicle in the course and scope of his employment for either and/or both of these entities. Further, Rinok Corp.'s own negligence in connection with the occurrence in question, including but not limited to in one or more of the following respects, proximately caused the injuries and damages to Plaintiff for which Plaintiff hereby sues:

- Negligent hiring and supervision;

- Negligent entrustment;

- Negligent training and safety implementation;

Page **3** of **7**

- Negligent retention; and/or

- Such other and further negligence and negligence *per se* as discovery may reveal.

12.     Such negligence and/or negligence *per se* by Defendant and/or each of them proximately caused personal injuries and damages to Plaintiff for which Plaintiff seeks recovery from Defendants, jointly and/or severally, in all elements recoverable under the laws of the State of Texas in amounts within the jurisdictional limits of this Court, including but not limited to for the past and in reasonable probability the future: physical pain, mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, loss of enjoyment of life, medical care expenses, property damages, and loss of use damages.

13.     Such negligence and/or negligence *per se* by Defendants and/or each of them further constituted gross negligence, for which Plaintiff seeks the recovery of exemplary damages against Defendants and/or each of them to the maximum extent permitted by applicable law.

14.     Plaintiff was not negligent in connection with the occurrence in question, and Plaintiff denies any allegation by Defendants and/or each of them that anything Plaintiff did or failed to do was a proximate cause of the occurrence in question.

15.     Plaintiff generally denies any counterclaim asserted by any Defendant.

16.     Plaintiff further hereby moves for a protective order to protect the Plaintiff from invasion of Plaintiff's federal and/or state rights to privacy in Plaintiff's health information that may be disclosed in this action, including but not limited to an order by this Court that such information shall be used only in connection with the prosecution or defense of this litigation, and strictly limiting access to this information to parties, employees of the parties, their attorneys (including in-house counsel), and to members of the paralegal, secretarial or clerical staff (including

shorthand reporters and videographers) assisting such counsel, the Court, court personnel, any jury impaneled in this case, and any mediator used in this case, as well as providing for the return of such information at the conclusion of this case

17.     Plaintiff pleads all matters herein supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

18.     Plaintiff seeks prejudgment and post-judgment interest to the greatest extent permitted by Texas law.

19.     All conditions precedent to Plaintiff's causes of action and claims for relief have been performed or have occurred.

20.     Plaintiff demands a trial by jury and has paid the required fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to answer and appear herein, and that upon final jury trial, Plaintiff recover from Defendants and/or each of them all actual damages and exemplary damages allowed under the laws of the State of Texas within the jurisdictional limits of this Court, including costs of court, prejudgment and post-judgment interest, and such other and further relief to which Plaintiff may be justly entitled at law and in equity.

Respectfully submitted,

THOMAS J. HENRY INJURY ATTORNEYS
521 Starr Street
Corpus Christi, Texas 78401
Tel.  (361) 985-0600
Fax. (361) 985-0601
Service email: *bfarney-svc@thomasjhenrylaw.com*

By: _____

Thomas J. Henry
State Bar No. 09484210
L. Brent Farney
State Bar No. 06826580

**WRITTEN DISCOVERY SERVED ON DEFENDANTS**
**WITH THE CITATION**

1. REQUESTS FOR DISCLOSURE TO ALL DEFENDANTS

2. FIRST SET OF WRITTEN INTERROGATORIES TO RINOK CORP.

3. FIRST REQUESTS FOR PRODUCTION TO RINOK CORP.

4. FIRST SET OF WRITTEN INTERROGATORIES TO TALGAT USMANOV.

5. FIRST REQUESTS FOR PRODUCTION TO TALGAT USMANOV.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL DOGGETT | § | |
| | § | |
| | § | |
| V. | § | Civil Action No. _____ |
| | § | |
| RINOK CORP. AND | § | |
| TALGAT USMANOV | § | |

## INDEX OF STATE COURT DOCUMENTS

The following documents are being filed together with Defendant, Costco Wholesale
Corporation's Notice of Removal:

1.   Docket Sheet
2.   Plaintiff's Original Petition and Certificate of Written Discovery;
3.   Civil Case Information Sheet
4.   Request for service and process
5.   Citation issued to Rinok Corp.
6.   Citation to Talgat Usmanov
7.   Return of Service for Rinok Corp.

Respectfully submitted,

_Robert Valadez w/ permission_
_by ___

ROBERT A. VALADEZ
State Bar No. 20421845
DAVID L. JONES
State Bar No. 24002370
Shelton & Valadez, P.C.
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Telecopier: (210) 349-3666
rvaladez@shelton-valadez.com

**COUNSEL FOR DEFENDANT
RINOK CORP.**

1

430136/09.0006

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was forwarded in accordance with the Federal Rules of Civil Procedure on the 17th of August, 2018 to:

Thomas J. Henry
L. Brent Farney
THOMAS J. HENRY INJURY ATTORNEYS
521 Starr Street
Corpus Christi, Texas 78401
bfarney-svc@thomsjhenrylaw.com

_____
ROBERT A. VALADEZ

2

# EXHIBIT A

## (1)

8/17/2018

Detail Information Lookup




**GERARD C. RICKHOFF**   **DONNA KAY McKINNEY**

**COUNTY CLERK & DISTRICT CLERK**
**COURT RECORDS SEARCH**

# Case #2018CI12740

**Name** : MICHAEL DOGGETT

**Date Filed** : 07/11/2018

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 225

**Docket Type** : MOTOR VEHICLE ACCIDENT

**Business Name** :

**Style** : MICHAEL DOGGETT

**Style (2)** : VS RINOK CORP ET AL

# Case History

Currently viewing 1 through 6 of 6 records

| Sequence | Date Filed | Description |
|---|---|---|
| S00002 | 7/16/2018 | CITATION<br>TALGAT USMANOV<br>ISSUED: 7/16/2018 |
| S00001 | 7/16/2018 | CITATION<br>RINOK CORP<br>ISSUED: 7/16/2018 RECEIVED: 7/24/2018<br>EXECUTED: 7/27/2018 RETURNED: 8/2/2018 |
| P00004 | 7/12/2018 | REQUEST FOR SERVICE AND PROCESS |
| P00003 | 7/12/2018 | SERVICE ASSIGNED TO CLERK 3 |
| P00002 | 7/11/2018 | CIVIL CASE INFORMATION SHEET |
| P00001 | 7/11/2018 | PETITION |

# EXHIBIT A
# (2)

FILED
7/11/2018 4:43 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Jackson

NO. **2018CI12740**

| | | |
|---|---|---|
| MICHAEL DOGGETT | § | IN THE DISTRICT COURT |
| *Plaintiff,* | | |
| | | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | | |
| RINOK CORP. AND | | |
| TALGAT USMANOV | | |
| *Defendants* | § | **225th**    JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION
## AND CERTIFICATE OF WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff **Michael Doggett** ("Plaintiff"), complaining of **Rinok Corp. and Talgat Usmanov** (referred to by name or as "Defendant" or "Defendants"), and for cause of action respectfully shows:

### DISCOVERY LEVEL DESIGNATION

1.     Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Plaintiff moves for entry of a Level 3 Discovery Control Plan and docket control order upon the answer and appearance of Defendant(s).

### CERTIFICATE OF WRITTEN DISCOVERY

2.     Requests for Disclosure, Written Interrogatories, and Requests for Production were served on all Defendants with the *Citation* and were attached to *Plaintiff's Original Petition and Certificate of Written Discovery* served in this cause.

3.     Plaintiff hereby gives notice of Plaintiff's intent to use documents produced by any party hereto in any pretrial proceeding and at trial against the producing party, pursuant to Tex.R.Civ.P. 193.7.

Page **1** of **7**

## JURISDICTION AND VENUE

4.      As required by Rule 47(b), Texas Rules of Civil Procedure, the damages sought in this case are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by the jury.

5.      Venue is proper in Bexar County, Texas, because all or a substantial part of the events or omissions giving rise to this claim occurred in Bexar County, Texas.

## PARTIES / SERVICE OF PROCESS

6.      Plaintiff is an individual residing in Bexar County, Texas.

7.      Defendant **Rinok Corp.** is a company doing business in Texas at the time of the occurrence in question which may be served with process by serving Rinat Usmanov, an officer of the company, at 1242 Grant Ct., Hollywood, Florida 33019. As used herein, "Rinok Corp." means and includes its agents, servants, employees, and vice-principals acting in the course and scope of their duties and responsibilities for this Defendant, including but not limited to Talgat Usmanov.

8.      Defendant **Talgat Usmanov** is an individual doing business in Texas at the time of the occurrence in question who was acting in the course and scope of his employment for Rinok Corp. at the time of the occurrence in question, and who may also be served with process by serving Rinok Corp. at 1242 Grant Ct., Hollywood, Florida 33019.

## CAUSES OF ACTION

9.      On or about December 6, 2017, Plaintiff was operating his vehicle in Bexar County, Texas, in a reasonably safe and prudent manner when his vehicle was struck by a vehicle being negligently operated by Defendant Talgat Usmanov in the course and scope of his employment with Defendant

Page **2** of **7**

Rinok Corp. proximately causing personal injuries to the Plaintiff and damages to the Plaintiff's vehicle.

10.     Defendant Talgat Usmanov's negligence in connection with the occurrence in question, including but not limited to in one or more of the following respects, proximately caused the injuries and damages to Plaintiff for which Plaintiff hereby sues:

- Faulty evasive action;

- Failing to timely apply brakes in order to avoid the collision;

- Failing to keep a proper lookout and driver inattention;

- Failing to control the vehicle;

- Failing to control speed;

- Failing to turn the vehicle in an effort to avoid the collision;

- Failing to yield the right of way; and/or

- Such other and further negligence and negligence *per se* as discovery may reveal.

11.     Defendants Rinok Corp. is liable under the doctrine of *respondeat superior* for the conduct of Talgat Usmanov in connection with the occurrence in question because he was operating the vehicle in the course and scope of his employment for either and/or both of these entities. Further, Rinok Corp.'s own negligence in connection with the occurrence in question, including but not limited to in one or more of the following respects, proximately caused the injuries and damages to Plaintiff for which Plaintiff hereby sues:

- Negligent hiring and supervision;

- Negligent entrustment;

- Negligent training and safety implementation;

Page **3** of **7**

- Negligent retention; and/or

- Such other and further negligence and negligence *per se* as discovery may reveal.

12. Such negligence and/or negligence *per se* by Defendant and/or each of them proximately caused personal injuries and damages to Plaintiff for which Plaintiff seeks recovery from Defendants, jointly and/or severally, in all elements recoverable under the laws of the State of Texas in amounts within the jurisdictional limits of this Court, including but not limited to for the past and in reasonable probability the future: physical pain, mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, loss of enjoyment of life, medical care expenses, property damages, and loss of use damages.

13. Such negligence and/or negligence *per se* by Defendants and/or each of them further constituted gross negligence, for which Plaintiff seeks the recovery of exemplary damages against Defendants and/or each of them to the maximum extent permitted by applicable law.

14. Plaintiff was not negligent in connection with the occurrence in question, and Plaintiff denies any allegation by Defendants and/or each of them that anything Plaintiff did or failed to do was a proximate cause of the occurrence in question.

15. Plaintiff generally denies any counterclaim asserted by any Defendant.

16. Plaintiff further hereby moves for a protective order to protect the Plaintiff from invasion of Plaintiff's federal and/or state rights to privacy in Plaintiff's health information that may be disclosed in this action, including but not limited to an order by this Court that such information shall be used only in connection with the prosecution or defense of this litigation, and strictly limiting access to this information to parties, employees of the parties, their attorneys (including in-house counsel), and to members of the paralegal, secretarial or clerical staff (including

Page **4** of **7**

shorthand reporters and videographers) assisting such counsel, the Court, court personnel, any jury impaneled in this case, and any mediator used in this case, as well as providing for the return of such information at the conclusion of this case

17.     Plaintiff pleads all matters herein supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

18.     Plaintiff seeks prejudgment and post-judgment interest to the greatest extent permitted by Texas law.

19.     All conditions precedent to Plaintiff's causes of action and claims for relief have been performed or have occurred.

20.     Plaintiff demands a trial by jury and has paid the required fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to answer and appear herein, and that upon final jury trial, Plaintiff recover from Defendants and/or each of them all actual damages and exemplary damages allowed under the laws of the State of Texas within the jurisdictional limits of this Court, including costs of court, prejudgment and post-judgment interest, and such other and further relief to which Plaintiff may be justly entitled at law and in equity.

Page **5** of **7**

Respectfully submitted,

THOMAS J. HENRY INJURY ATTORNEYS
521 Starr Street
Corpus Christi, Texas 78401
Tel.  (361) 985-0600
Fax. (361) 985-0601
Service email: *bfarney-svc@thomasjhenrylaw.com*

By: _____
　　　Thomas J. Henry
　　　State Bar No. 09484210
　　　L. Brent Farney
　　　State Bar No. 06826580

Page **6** of 7

### WRITTEN DISCOVERY SERVED ON DEFENDANTS
### WITH THE CITATION

1. REQUESTS FOR DISCLOSURE TO ALL DEFENDANTS

2. FIRST SET OF WRITTEN INTERROGATORIES TO RINOK CORP.

3. FIRST REQUESTS FOR PRODUCTION TO RINOK CORP.

4. FIRST SET OF WRITTEN INTERROGATORIES TO TALGAT USMANOV.

5. FIRST REQUESTS FOR PRODUCTION TO TALGAT USMANOV.

Page **7** of **7**

NO. _____

| | | |
|---|---|---|
| **MICHAEL DOGGETT** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | | |
| | | |
| **VS.** | § | **BEXAR COUNTY, TEXAS** |
| | | |
| **RINOK CORP. AND** | | |
| **TALGAT USMANOV** | | |
| | | |
| *Defendants* | § | ___ **JUDICIAL DISTRICT** |

### PLAINTIFF'S REQUEST FOR DISCLOSURE
### TO ALL DEFENDANTS

**TO:   EACH NAMED DEFENDANT:**

**PURSUANT TO RULE 194, YOU ARE REQUESTED TO DISCLOSE, WITHIN 50 DAYS OF SERVICE OF THIS REQUEST, THE INFORMATION OR MATERIAL DESCRIBED IN RULE 194.2 OF THE TEXAS RULES OF CIVIL PROCEDURE.**

Respectfully submitted,

THOMAS J. HENRY INJURY ATTORNEYS
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601
Service email: *bfarney-svc@thomasjhenrylaw.com*

By: _____
L. Brent Farney
State Bar No. 06826580
Lauren Williams
State Bar No. 24088786

### CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument was duly served upon Defendants contemporaneously with service of *Plaintiff's Original Petition and Certificate of Written Discovery.*

_____
Lauren Williams

NO. _____

| | | |
|---|---|---|
| **MICHAEL DOGGETT** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | | |
| | § | |
| **VS.** | § | **BEXAR COUNTY, TEXAS** |
| | | |
| **RINOK CORP. AND** | | |
| **TALGAT USMANOV** | § | ____ **JUDICIAL DISTRICT** |
| *Defendants* | | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT RINOK CORP.

To:    Rinok Corp.

You are notified that:

These Requests for Production are served on you pursuant to the Texas Rules of Civil Procedure.

If these Requests have been served on you after you answered this lawsuit, your responses are due no later than thirty (30) days after service hereof; if these Requests have been served on you contemporaneously with the Citation and Original Petition in this case, your responses are due no later than fifty (50) days after service of the Citation and Original Petition.

In responding to these Requests, you are instructed to comply with all applicable Texas Rules of Civil Procedure, including but not limited to Tex. R. Civ. Pro. 196, 193, and 215. These Requests are continuing in character and require you to serve supplemental responses and materials if you subsequently obtain further or different information and materials.

In the event you withhold from your answers any information and material that you claim is privileged, you are request to identify all information and material withheld pursuant to Tex. R. Civ. P. 193.

Plaintiff(s) hereby give notice of Plaintiff(s)' intent to use documents produced by any party hereto in any pretrial proceeding and at trial against the producing party, pursuant to Tex. R. Civ. P. 193.7.

1

## DEFINITIONS

As used herein, the terms **"you"** and **"your"** refer to this Defendant, its/his/her attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

As used herein, the term **"documents"** means and includes all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested. In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

**"Person":** The term **"person"** includes individuals, associations, partnerships, corporations, and any other type of entity.

2

**"Identify" or "Identification":**

(a)     When used in reference to a person, **"identify"** or **"identification"** means to state his or her full name, present or last known residence address, present or last known business address and telephone number, job title and job description.

(b)     When used in reference to a public or private corporation, governmental entity, partnership or association, **"identify"** or **"identification"** means to state its full name, present or last known principal business address, the name of its Chief Executive Officer, and telephone number.

(c)     When used in reference to a document, **"identify"** or **"identification"** shall include the following:

(i)     the title, heading, or caption, if any, of such document;

(ii)     the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)     the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)     the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)     the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)     the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)     the physical location of the document and the name of its custodian or custodians.

**"The collision"** or **"the accident"** or **"collision in question"** or **"occasion in question"** or **"occurrence in question"** or **"incident in question"**, as used herein, refers to the occurrence made the basis of this lawsuit.

3

## REQUESTS FOR PRODUCTION

1.  All photographs, video tapes, movies, and other graphic representations of the scene of the collision.

2.  All photographs, video tapes, movies, and other graphic representations of the vehicles involved in the incident that forms the basis of this suit.

3.  All photographs, video tapes, movies, and other graphic representations of the Plaintiff or Plaintiffs.

4.  All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

5.  A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the collision including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding insurance coverage. This request also includes documents that show the diminution, if any, in any policy limits based on the payment by your carrier(s) of any other claims related to this same occurrence in question.

6.  All documents, records, notations, or memoranda relating to the repair and maintenance of your vehicle involved in the incident which forms the basis of this suit for the period of one (1) year immediately preceding the collision.

7.  All documents and records relating to the damage and/or repair to any of the vehicles involved in the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

8.  All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards you contend or will contend at trial were violated by the Plaintiff(s).

9.  All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

4

10. All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

11. Any and all trial exhibits.

12. Any and all demonstrative evidence you intend to utilize at trial.

13. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

14. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the Plaintiff(s) and/or concerning the medical or physical condition of the Plaintiff(s) which are in the possession or constructive possession, custody, or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

15. A copy of all documents relating to any criminal records pertaining to Plaintiff(s) or any witnesses.

16. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about your employee driver arising from this incident.

17. All medical records or other documents which you contend show pre-existing medical condition that you contend is relevant to the Plaintiff's claim.

18. All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

19. Complete driver's qualification file pertaining to Talgat Usmanov including but not limited to the following:

    a. check sheet for driver's forms;

    b. application for employment

    c. employment eligibility verification;

    d. certificate of compliance

e.  request for check of driving record;

f.  request for information from previous employer;

g.  record and certificate of road test;

h.  written examination and certificate;



i.  answers to written examination;

j.  driver's physical examination certificate with the expiration date;

k.  controlled substance test results;

l.  driver's data sheet;

m. record of violations;

n.  annual review of driving record;

o.  notice of disqualification; and

p.  pocket cards.

20.   A clear, color copy of Talgat Usmanov's driver license.

21.   All driver logbooks required pursuant to 49 C.F.R. 395 for the one year preceding the date of the incident for Talgat Usmanov.

22.   All company policies and guidelines (either in written form or in an audio/video format) relating to training and safety and driver attendance records pertaining to Talgat Usmanov.

23.   All pay and time records pertaining to Talgat Usmanov for the 6 months prior to and including the date of the incident that forms the basis for this action.

24.   Any and all worker's compensation records pertaining to Talgat Usmanov.

25.   Any and all results from drug and/or alcohol testing pertaining to Talgat Usmanov.

26.   Entire personnel file of Talgat Usmanov.

27.   All documents evidencing ownership of the vehicle involved in the incident in question.

28.   All documents regarding any regulatory agency, including OSHA, USDOT, TXDOT, and NRCC, inspections, investigations, citations, warnings or other reports regarding

Defendants' motor carrier operations or vehicles for two years preceding the date of the incident that forms the basis of this suit through the present.

29. Please produce any all written reports regarding the incident which forms the basis of this suit including any and all e-mails and text messages concerning this incident.

30. Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records completed by Talgat Usmanov.

31. Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records involving the vehicle which was involved in the incident which forms the basis of this lawsuit.

32. Any and all documents referencing or relating to safety meetings held at Defendant's facilities including minutes and logs of attendance for two years preceding the date of the incident that forms the basis of this suit through the present.

33. All trip and/or operational documents pertaining to the movement of cargo by Talgat Usmanov or his tractor (or truck), in existence but at least for the one-month period prior to and including the date of the incident that forms the basis of this suit. The term "trip" or "operational documents" as used herein is defined below in definitions "(1) through (20)" and is applicable to each trip occurring during the time period requested herein and includes hard copies and accessible computer printouts. The term "trip" as used herein, is defined as the transportation of one load of cargo (regardless of size and type) from origin(s) to final destination(s):

   a. Drivers trip envelopes and/or trip reports, daily loads or work reports, fuel purchased reports, or any reports made by a driver to the defendants inclusive of daily, weekly, or monthly cargo transported, time or distance work records.

   b. Receipts for any trip expenses or purchases regardless of type, such as fuel, food, lodging, equipment maintenance or repair, special or oversize permits, bridge or toll road, loading or unloading, or other receipts.

   c. Cargo pickup or delivery orders prepared by any and all of the defendants brokers, involved shippers or receivers, motor carriers, driver, or other persons or organizations.

   d. All bills of lading and/or manifest prepared or issued by any shippers, brokers, transporting motor carriers, receivers of cargo or defendants. This also includes

copies of bills of lading and manifest that show signed receipts for cargo along with dates and times of cargo pickup and delivery.

e.   All equipment or cargo loading, unloading or detention records along with any other documents showing pickup and delivery dates and times or detention of equipment or cargo.

f.   All freight bill, inclusive of cargo pickup and delivery copies.

g.   All written instructions, orders, or advice given to drivers in reference to cargo transported, routes to travel, pickup or delivery times by defendants' shippers, receivers, or other persons or organizations.

h.   Dispatch records indicating assignment of equipment and drivers to cargo    pickup and delivery, dates and times of pickup and delivery and any other related factors.

i.   Any driver call-in records or other written records indicating communications between company and driver in reference to the movement of cargo, or the day to day operations of the equipment and/or driver.

j.   All accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo. Copies of both the front and back of canceled checks are requested.

k.   All initial or rough driver's trip check in settlement sheets along with all final accounting documents, and computer printouts showing expenses and payments to a driver in reference to a trip or trips.

l.   Any and all motor carrier or driver created fuel, mileage and purchase reports or records.

m.   Copies of original Com Check, Cash Control or similar service records and copies of front and back of all checks received or disbursed in reference to the transportation performed regardless of disbursement reason, inclusive of all checks to drivers.

n.   Any and all computer downloads and/or printouts provided to Defendants by others, including but not limited to Com Check or Cash Control Corp., Trendar or

8

QualComm listed by driver name of number or truck number, showing the driver and tractor location, time, date, and mileage for stops, movement, or purchases.

o.   Any and all special or oversize permits and related documents/requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit.

p.   Any and all records generated by a device on board the driver's vehicle such as a tachograph, electronic control module (ECM), or other device that records the vehicle speed, distance, or movements.

q.   Any and all other "trip related documents" created by the defendant or any other persons or organizations but not defined herein in the possession of any of the Defendants.

r.   Clearly readable copies of all daily (or other periodic) fuel invoices from such companies as Com Data, Com Check, FCIS, or CCIS.

s.   Clearly readable copies of any and all other computer generated or downloaded data from any satellite location and communication systems or sources such as those known as "QualComm" or Q'Trac's, depicting the location of the tractor/s operated by Driver and all satellite communication between driver and Defendants.

t.   Any and all other "supporting documents" as that term is used in the FMCSR, 49 CFR 395.8(K)(1) and defined in Part 395.8 of the US DOT Interpretations.

34.   Any and all agreements, contracts, or written arrangements in effect on the date of the incident that forms the basis of this action with Talgat Usmanov including but not limited to, any contracts to perform transportation services.

35.   Any and all lease or rental agreements, involving the tractor or trailer in effect on the date of the incident that forms the basis of this action.

36.   All driver's daily logs and 70-hour summaries created by Talgat Usmanov now in existence, but at least for the period for one month preceding the date of the incident that forms the basis of this suit through present in accordance with FMCSR Part 395 in the possession of any of the defendants. As used herein the term "hours of service records" means any and all documents created in reference to the FMCSR Part 395 including, but not limited to, drivers' daily logs, time cards and records, administrative log audits, 70-hour log audits, yearly and monthly summary sheets, and reports of violations. This

9

includes all reprimands or warnings sent to Driver for violations of the FMCSR Part 395, Drivers Hours of Service Regulations.

37. Any traffic citations, terminal or road equipment and driver compliance inspections, warnings or citations issued to Talgat Usmanov, by any law enforcement official or agency.

38. Your accident registers and records maintained in accordance with FMCSR Part 390.15 for the three years preceding and including the incident made the basis of the suit. This includes, but is not limited to, any reports, correspondence or documentation sent to or received from any persons or organizations and reports made by Talgat Usmanov, or any other person in reference to the incident that forms the basis of this action.

39. Any and all other files and records in reference to any vehicular accident prior to the incident that forms the basis of this action where Talgat Usmanov was the driver of a vehicle involved in the prior accidents.

40. The minutes of and records from any Safety Committee meeting for the one (1) year prior to the incident that forms the basis of this suit, and for the incident that forms the basis of this action.

41. The minutes of and records from any Accident Review Committee meeting for the one (1) year prior to the incident that forms the basis of this suit, and for the incident that forms the basis of this action.

42. Any company manuals, driver's manuals, safety manuals, company issues rules and regulations, directives or notices in effect at the time of the incident that forms the basis of this action regarding drivers' work, safety, driving activities, job performance, discipline, pickup and delivery of cargo.

43. All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to or used by Talgat Usmanov from or by any source including, but not limited to, any trucking school.

44. Any and all reports of safety audits (compliance reviews) of Defendant by the Department of Transportation or Department of Public Safety or its agents for four years preceding the date of the incident that forms the basis of this suit to present, together with all correspondence related thereto and the recommendations by the DOT for corrections and, specifically, any documents in reference to violations of the FMCSR.

45.   A copy of the organizational chart for Defendant that shows the titles and reporting pathways of corporate management and support personnel.

46.   Please produce all documents related to any investigation performed by Defendant of the incident that forms the basis of this suit, as well as any disciplinary action taken as a result of such investigation.

47.   Produce copies of all correspondence or other communications from any other entity or persons regarding or referencing claims asserted by any such entity or person arising from the incident that forms the basis of this suit.

48.   Copy of all documents filed with the United States Department of Transportation and/or Federal Motor Carrier Safety Administration or any State Motor Carrier Administration regarding your motor carrier license, including but not limited to all MCS-150 forms and any supplements or amendments thereto.

49.   Accident registers maintained pursuant to 49 CFR 390 for the past 3 years.

50.   All documents and reports relating to your company drug and alcohol program, including any reports relating to Talgat Usmanov for the last two (2) year period.

51.   All computerized tracking information, including tachograph or other on-board recording device, GPS, and radar records for the driver and/or the tractor-trailer, including satellite tracking, driver messaging, dispatcher's sheets, registers, and other records pertaining to movement of the tractor or trailer involved in the incident for the 6-month period prior to the incident.

52.   The actual electronic control module, black box, onboard computer, or other engine computer containing data regarding the movements or operation of the truck.

53.   All data relating to the electronic control module (ECM), black box, any onboard computer, or other engine computer for the truck involved in the incident for the day of the incident and for the 6-month period prior to the incident.

54.   Bills of lading, consignor's shipping orders and shipping tickets, freight bills regarding the load being transported at the time of the incident.

55.     All records from any Electronic On-Board Recorder (EOBR) relating to Talgat Usmanov hours-of service (HOS) from any vehicle for the one-month period preceding and including the date of the incident that forms the basis of this suit.

56.     Complete Driver Investigation History (DIH) file for Talgat Usmanov.

57.     All information, including billings, reflecting cellular phone or any other mobile communication device usages for any device available to your driver on the date of the incident that forms the basis of this matter, including, but not limited to all incoming and outgoing calls, incoming and outgoing SMS and MMS text messages, and emails.

58.     All trip and/or operational documents pertaining to the activities, including driving, of Talgat Usmanov for the 7 days prior to and including the day of the incident, including but not limited to timesheets, mileage records, invoices, receipts for any trip expenses, such as fuel, food, lodging, equipment maintenance or repair.

59.     Your policies and procedures for driver interviews and hiring qualifications.

60.     All data and video from any event recording technology systems such as SmartDrive or any other similar event recording system.

61.     All data and information from any collision avoidance system such as VORAD or any other similar collision avoidance system.

62.     All federal, state, and/or local civil penalties that have been imposed on your company and/or any of your drivers in the last three (3) years as a result of a driver using their cellular phone while driving one of your company's vehicles, as well as the outcome or result of any civil penalties, including, but not limited to, driver disqualification.

Respectfully submitted,

THOMAS J. HENRY INJURY ATTORNEYS
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601
Service email: *bfarney-svc@thomasjhenrylaw.com*

By:    L. Brent Farney
State Bar No. 06826580

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument was duly served upon Defendants contemporaneously with service of *Plaintiff's Original Petition and Certificate of Written Discovery*.

L. Brent Farney

NO. _____

| | | |
|---|---|---|
| MICHAEL DOGGETT | § | IN THE DISTRICT COURT |
| **Plaintiff,** | | |
| | | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | | |
| RINOK CORP. AND | | |
| TALGAT USMANOV | | |
| **Defendants** | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT RINOK CORP.

To:    Rinok Corp.

You are notified that:

These Interrogatories are served on you pursuant to the Texas Rules of Civil Procedure.

If these Interrogatories have been served on you after you answered this lawsuit, your responses are due no later than thirty (30) days after service hereof; if these Requests have been served on you contemporaneously with the Citation and Original Petition in this case, your responses are due no later than fifty (50) days after service of the Citation and Original Petition.

In responding to these Interrogatories, you are instructed to comply with all applicable Texas Rules of Civil Procedure, including but not limited to Tex. R. Civ. Pro. 197, 193, and 215. These Requests are continuing in character and require you to serve supplemental answers if you subsequently obtain further or different information and materials.

In the event you withhold from your answers any information and material that you claim is privileged, you are request to identify all information and material withheld pursuant to Tex. R. Civ. P. 193.

## DEFINITIONS

As used herein, the terms **"you"** and **"your"** refer to this Defendant, its/his/her attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

As used herein, the term **"documents"** means and includes all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested. In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

**"Person"**: The term **"person"** includes individuals, associations, partnerships, corporations, and any other type of entity.

2

**"Identify" or "Identification":**

(a)     When used in reference to a person, **"identify"** or **"identification"** means to state his or her full name, present or last known residence address, present or last known business address and telephone number, job title and job description.

(b)     When used in reference to a public or private corporation, governmental entity, partnership or association, **"identify"** or **"identification"** means to state its full name, present or last known principal business address, the name of its Chief Executive Officer, and telephone number.

(c)     When used in reference to a document, **"identify"** or **"identification"** shall include the following:

(i)      the title, heading, or caption, if any, of such document;

(ii)     the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)     the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)   the physical location of the document and the name of its custodian or custodians.

**"The collision"** or **"the accident"** or **"collision in question"** or **"occasion in question"** or **"occurrence in question"** or **"incident in question"**, as used herein, refers to the occurrence made the basis of this lawsuit.

3

## FIRST SET OF WRITTEN INTERROGATORIES

**INTERROGATORY 1:**     Identify all persons providing any information to answer these interrogatories.

**ANSWER:**

**INTERROGATORY 2:**     If you contend that you are not liable in the name or in the legal capacity in which you have been sued, or that there is a defect of parties, or a defect in the names of any party to this suit, identify all correct parties known to you and state briefly the facts that support your contention.

**ANSWER:**

**INTERROGATORY 3:**     At the time of the collision in question, was Talgat Usmanov, the co-defendant herein, acting in the scope of his employment for you? *As used in this Interrogatory, you are instructed that "scope of his employment" is used in this Interrogatory as defined by Texas Pattern Jury Charge 10.6: "An employee is acting in the scope of his employment if he is acting in the furtherance of the business of his employer".* If your answer is "No", state your basis for answering "No" and specify the exact relationship of this driver to your company.

**ANSWER:**

**INTERROGATORY 4:**     As of the date of the incident that forms the basis of this action, did you have any accident review committee, safety committee, driver review committee, or any other similar body that, in the regular course of your business, reviewed driver accidents for purposes of discipline or safety compliance? If so:

a.     identify each member of such committee;
b.     state the committee's findings and conclusions for this collision; and
c.     state what action was taken by the committee as a result of its findings and conclusions for this collision.

**ANSWER:**

**INTERROGATORY 5:**     Was the vehicle being driven by Talgat Usmanov at the time of the collision equipped with a global positioning satellite system (GPS), satellite location system, and/or satellite communication system and/or any other device that would record his vehicle's movements and speed, and/or is there any other electronic data otherwise available on the vehicle? If so, please: (a) identify the person presently in possession of such device and the records generated by such device; and (b) identify the manufacturer, make, model, and type of GPS tracking system and/or other such electronic data system.

4

**ANSWER:**

**INTERROGATORY 6:**    Identify all communication devices available to your driver on the date of the collision made the basis of this suit including, but not limited to, the driver's own cell phone, any other cell phones, two-way radios, or any other electronic messaging systems.  For all cell phones and any other devices with any cellular or any other remote access, provide the complete phone number and name of the carrier(s).

**ANSWER:**

**INTERROGATORY 7:**    State your company's policies and procedures in effect as of the date of the collision in question for preventing and/or limiting the use of cellular phones and/or other cellular devices by your drivers, and identify your employees who have assisted either directly or indirectly in implementing these policies and procedures and/or otherwise trained employees regarding this technology, including, but not limited to:

(a)    under what circumstances a driver will have the ability to use a cellular phone while driving a vehicle for your company;

(b)    what cellular phone and other cellular device applications your drivers are allowed to access while driving a vehicle;

(c)    what phone numbers are allowed to ring and/or text the driver's cellular phone or other cellular device while the driver is driving the vehicle;

(d)    what, if any, cellular phone blocking applications are utilized by your company for the purposes of preventing and/or limiting the use of cellular phones or other cellular devices by your drivers;

(e)    all notifications that your company has received when a driver has used a cellular phone or other cellular device while driving a vehicle; and

(f)    what, if any, company action or disciplinary measures have been imposed against any of your drivers as a result of operating a cellular phone or other cellular device while driving a vehicle.

**ANSWER:**

**INTERROGATORY 8:**    If you had a Safety Director (or any other person in charge of driver safety, regardless of the actual title) as of the date of the incident that forms the basis of this action, then please identify that person and include their dates of employment. If that person has had this position with you for less than three (3) years, identify all persons employed by you

5

in this position for the period of time from five (5) years prior to the incident in question to and including the present day.

**ANSWER:**

**INTERROGATORY 9:**   State all failures on the part of the Plaintiff to exercise that degree of care of any ordinarily prudent person under the same or similar circumstances, which failure(s) you contend proximately caused or contributed to cause any injuries or damages sustained.

**ANSWER:**

**INTERROGATORY 10:**   You have alleged this accident was unavoidable. Identify each person who has informed you that this accident was unavoidable, and state each reason why this accident was unavoidable.

**ANSWER:**

**INTERROGATORY 11:**   You have alleged that "Defendant" was confronted by an emergency, arising suddenly and unexpectedly. State which Defendant was confronted by the emergency you allege occurred, and state what the emergency was.

**ANSWER:**

**INTERROGATORY 12:**   You have alleged that the accident was caused by the acts and/or omissions of other persons in no way connected to or controlled by you. Identify all persons to whom you are referring, and state what each of them did to cause the accident.

**ANSWER:**

**INTERROGATORY 13:**   State all illnesses and/or injuries of the Plaintiff that you contend were not caused by this accident.

**ANSWER:**
**INTERROGATORY 14:**   For each liability insurance policy applicable to the occurrence in question, including but not limited to primary, excess and umbrella policies, identify the following:

    a.    All persons in your employ with knowledge of the application for, payment of, and procurement of: all primary, excess and umbrella insurance policies for the insurance policy period(s) encompassing the date of the occurrence in question;

6

b.      All insurance agent(s) and broker(s) with whom you worked directly to procure such insurance coverage; and

c.      Whether any reservation of rights has been made by any insurance carrier, including stating the reasons provided by the carrier(s) for such reservation of rights.

**ANSWER:**

**INTERROGATORY 15:**    If you intend to use evidence of a criminal conviction of the Plaintiff or of any witnesses at the trial of this case, please identify those convictions for each such person.

**ANSWER:**

Respectfully submitted,

THOMAS J. HENRY INJURY ATTORNEYS
521 Starr Street
Corpus Christi, Texas 78401
Tel.  (361) 985-0600
Fax. (361) 985-0601
Service email: *bfarney-svc@thomasjhenrylaw.com*

By:  _____
L. Brent Farney
State Bar No. 06826580

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument was duly served upon Defendants contemporaneously with service of *Plaintiff's Original Petition and Certificate of Written Discovery*.

L. Brent Farney

NO. _____

| | | |
|---|---|---|
| **MICHAEL DOGGETT** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | | |
| | § | |
| **VS.** | § | **BEXAR COUNTY, TEXAS** |
| | | |
| **RINOK CORP. AND** | | |
| **TALGAT USMANOV** | | |
| *Defendants* | § | ____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT TALGAT USMANOV

To:    Talgat Usmanov

You are notified that:

These Requests for Production are served on you pursuant to the Texas Rules of Civil Procedure.

If these Requests have been served on you after you answered this lawsuit, your responses are due no later than thirty (30) days after service hereof; if these Requests have been served on you contemporaneously with the Citation and Original Petition in this case, your responses are due no later than fifty (50) days after service of the Citation and Original Petition.

In responding to these Requests, you are instructed to comply with all applicable Texas Rules of Civil Procedure, including but not limited to Tex. R. Civ. Pro. 196, 193, and 215. These Requests are continuing in character and require you to serve supplemental responses and materials if you subsequently obtain further or different information and materials.

In the event you withhold from your answers any information and material that you claim is privileged, you are request to identify all information and material withheld pursuant to Tex. R. Civ. P. 193.

Plaintiff(s) hereby give notice of Plaintiff(s)' intent to use documents produced by any party hereto in any pretrial proceeding and at trial against the producing party, pursuant to Tex. R. Civ. P. 193.7.

## DEFINITIONS

As used herein, the terms **"you"** and **"your"** refer to this Defendant, its/his/her attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

As used herein, the term **"documents"** means and includes all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested. In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

**"Person"**: The term "person" includes individuals, associations, partnerships, corporations, and any other type of entity.

2

**"Identify"** or **"Identification"**:

When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number, job title and job description.

When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known principal business address, the name of its Chief Executive Officer, and telephone number.

When used in reference to a document, "identify" or "identification" shall include the following:

- the title, heading, or caption, if any, of such document;

- the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

- the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

- the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

- the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

- the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

- the physical location of the document and the name of its custodian or custodians.

**"The collision"** or **"the accident"** or **"collision in question"** or **"occasion in question"** or **"occurrence in question"** or **"incident in question"**, as used herein, refers to the occurrence made the basis of this lawsuit.

3

## REQUESTS FOR PRODUCTION

1. All photographs, video tapes, movies, and other graphic representations of the scene of the collision.

2. All photographs, video tapes, movies, and other graphic representations of the vehicles involved in the incident that forms the basis of this suit.

3. All photographs, video tapes, movies, and other graphic representations of the Plaintiff or Plaintiffs.

4. All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

5. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the collision including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding insurance coverage. This request also includes documents that show the diminution, if any, in any policy limits based on the payment by your carrier(s) of any other claims related to this same occurrence in question.

6. All documents, records, notations, or memoranda relating to the repair and maintenance of your vehicle involved in the incident which forms the basis of this suit for the period of one (1) year immediately preceding the collision.

7. All documents and records relating to the damage and/or repair to any of the vehicles involved in the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

8. All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards you contend or will contend at trial were violated by the Plaintiff(s).

9. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

4

10. All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

11. Any and all trial exhibits.

12. Any and all demonstrative evidence you intend to utilize at trial.

13. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

14. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the Plaintiff(s) and/or concerning the medical or physical condition of the Plaintiff(s) which are in the possession or constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

15. A copy of all documents relating to any criminal records pertaining to Plaintiff(s) or any witnesses.

16. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about your employee driver arising from this incident.

17. All medical records or other documents which you contend show pre-existing medical condition that you contend is relevant to the Plaintiff's claim.

18. All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

19. All parts of any driver's qualification file and/or driving qualification records in your possession, including but not limited to the following:
    a. check sheet for driver's forms;
    b. application for employment;
    c. employment eligibility verification;
    d. certificate of compliance;

5

e.      request for check of driving record;

f.      request for information from previous employers;

g.      record and certificate of road test;

h.      written examination and certificate;

i.      answers to written examination;

j.      driver's physical examination certificate with the expiration date;

k.      controlled substance test results;

l.      driver's data sheet;

m.      record of violations;

n.      annual review of driving record;

o.      notice of disqualification; and

p.      pocket cards.

20.     A clear, color copy of all Driver's Licenses ever issued to you.

21.     All of your driver logbooks required pursuant to 49 C.F.R. 395 for the one year preceding the date of the incident and, if none were kept pursuant to that statute, then any logbooks you have kept regarding your driving for that same time period.

22.     All company policies and guidelines (either in written form or in an audio/video format) relating to training and safety and driver attendance records provided to you by the person or entity with whom you were employed and/or with whom you were contracted at the time of the collision in question.

23.     All of your pay and time records for the 6 months prior to and including the date of the incident that forms the basis for this action.

24.     All worker's compensation records pertaining to you relating to any injury you claim to have sustained in this collision.

25.     All results from drug and/or alcohol testing done on you at any time.

26.     Your entire file that you maintain in connection with the person or entity with whom you were employed and/or with whom you were contracted at the time of the collision in question.

6

27.   All documents evidencing ownership of the vehicle you were driving that was involved in the incident in question.

28.   All documents in your possession regarding any regulatory agency, including OSHA, USDOT, TXDOT, and NRCC, inspections, investigations, citations, warnings or other reports regarding your operation of vehicles for two years preceding the date of the incident that forms the basis of this suit through the present.

29.   Please produce any and all written reports regarding the incident which forms the basis of this suit including any and all e-mails and text message concerning this incident.

30.   Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records completed by you.

31.   Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records involving the vehicle which was involved in the incident which forms the basis of this lawsuit.

32.   Any and all documents referencing or relating to safety meetings held at any other Defendant's facilities, including minutes and logs of attendance for two years preceding the date of the incident that forms the basis of this suit through the present.

33.   All trip and/or operational documents pertaining to the movement of cargo by you in existence but at least for the one-month period prior to and including the date of the incident that forms the basis of this suit. The term "trip" or "operational documents" as used herein is defined below in definitions "(a) through (t)" and is applicable to each trip occurring during the time period requested herein and includes hard copies and accessible computer printouts. The term "trip" as used herein, is defined as the transportation of one load of cargo (regardless of size and type) from origin(s) to final destination(s):

   a.   Drivers trip envelopes and/or trip reports, daily loads or work reports, fuel purchased reports, or any reports made by a driver to the defendants inclusive of daily, weekly or monthly cargo transported, time or distance work records.

   b.   Receipts for any trip expenses or purchases regardless of type, such as fuel, food, lodging, equipment maintenance or repair, special or oversize permits, bridge or toll road, loading or unloading, or other receipts.

   c.   Cargo pickup or delivery orders prepared by any and all of the defendants, brokers, involved shippers or receivers, motor carriers, drivers, or other persons or organizations.

   d.   All bills of lading and/or manifest prepared or issued by any shippers, brokers, transporting motor carriers, receivers of cargo or defendants.  This also includes

7

copies of bills of lading and manifest that show signed receipts for cargo along with dates and times of cargo pickup and delivery.

e.   All equipment or cargo loading, unloading or detention records along with any other documents showing pickup and delivery dates and times or detention of equipment or cargo.

f.   All freight bill, inclusive of cargo pickup and delivery copies.

g.   All written instructions, orders, or advice given to drivers in reference to cargo transported, routes to travel, pickup or delivery times by defendants' shippers, receivers, or other persons or organizations.

h.   Dispatch records indicating assignment of equipment and drivers to cargo pickup and delivery, dates and times of pickup and delivery and any other related factors.

i.   Any driver call-in records or other written records indicating communications between company and driver in reference to the movement of cargo, or the day to day operations of the equipment and/or driver.

j.   All accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo. Copies of both the front and back of canceled checks are requested.

k.   All initial or rough driver's trip check in settlement sheets along with all final accounting documents, and computer printouts showing expenses and payments to a driver in reference to a trip or trips.

l.   Any and all motor carrier or driver created fuel, mileage and purchase reports or records.

m.   Copies of original Com Check, Cash Control or similar service records and copies of front and back of all checks received or disbursed in reference to the transportation performed regardless of disbursement reason, inclusive of all checks to drivers.

n.   Any and all computer downloads and/or printouts provided to Defendants by others, including but not limited to Com Check or Cash Control Corp., Trendar or QualComm, listed by driver name or number or truck number, showing the driver and tractor location, time, date and mileage for stops, movements or purchases.

o.   Any and all special or oversize permits and related documents/requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit.

p.   Any and all records generated by a device on board the driver's vehicle such as a tachograph, electronic control module (ECM), or other device that records the vehicle speed, distance or movements.

q.   Any and all other "trip related documents' created by the defendants or any other persons or organizations but not defined herein in the possession of any of the Defendants.

8

r.   Clearly readable copies of all daily (or other periodic) fuel invoices from such companies as Com Data, Com Check, FCIS, or CCIS.

s.   Clearly readable copies of any and all other computer generated or down loaded data from any satellite location and communication systems or sources such as those known as "QualComm" or Q'Trac's, depicting the location of the tractor's operated by Driver and all satellite communication between driver and Defendants.

t.   Any and all other "supporting documents" as that term is used in the FMCSR, 49 CFR 395.8(K)(1) and defined in Part 395.8 of the U.S. DOT Interpretations.

34.   Any and all agreements, contracts or written arrangements in effect on the date of the incident that forms the basis of this action with you including but not limited to, any contracts to perform transportation services.

35.   Any contracts, lease or rental agreements, involving the tractor or trailer or other vehicle you were driving when the collision occurred, that were in effect on the date of the incident that forms the basis of this action.

36.   All driver's daily logs and 70-hour summaries created by you now in existence, but at least for the period for one month preceding the date of the incident that forms the basis of this suit through present in accordance with FMCSR Part 395 in the possession of any of the defendants. As used herein the term "hours of service records" means any and all documents created in reference to the FMCSR Part 395 including, but not limited to, drivers' daily logs, time cards and records, administrative log audits, 70-hour log audits, yearly and monthly summary sheets, and reports of violations. This includes all reprimands or warnings sent to Driver for violations of the FMCSR Part 395, Drivers Hours of Service Regulations.

37.   Any traffic citations, terminal or road equipment and driver compliance inspections, warnings or citations issued to you by any law enforcement official or agency.

38.   Your accident registers and records maintained in accordance with FMCSR Part 390.15 for the three years preceding and including the incident made the basis of this suit. This includes, but is not limited to, any reports, correspondence or documentation sent to or received from any persons or organizations and reports made by you, or any other person in reference to the incident that forms the basis of this action.

39.   Any and all other files and records in reference to any vehicular accident prior to the incident that forms the basis of this action where you were the driver of a vehicle involved in the prior accidents.

9

40. The minutes of and records from any Safety Committee meeting you have attended, or for which you otherwise were provided any records, for the one (1) year prior to the incident that forms the basis of this suit, and for the incident that forms the basis of this action.

41. The minutes of and records from any Accident Review Committee meeting you have attended, or for which you otherwise were provided any records, for the one (1) year prior to the incident that forms the basis of this suit and for incident that forms the basis of this action.

42. Any company manuals, driver's manuals, safety manuals, company issued rules and regulations, directives or notices in effect at the time of the incident that forms the basis of this action regarding your work, safety, driving activities, job performance, discipline, and pickup and delivery of cargo.

43. All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to or used by you from or by any source including, but not limited to, any trucking schools.

44. Any and all reports of safety audits (compliance reviews) of you by the Department of Transportation or Department of Public Safety or its agents for four years preceding the date of the incident that forms the basis of this suit to present, together with all correspondence related thereto and the recommendations by the DOT for corrections and, specifically, any documents in reference to any violations of the FMCSR.

45. A copy of the organizational chart provided to you by any other Defendant in this case that shows the titles and reporting pathways of corporate management and support personnel.

46. Please produce all documents related to any investigation performed by any Defendant of the incident that forms the basis of this suit, as well as any disciplinary action taken as a result of such investigation.

47. Produce copies of all correspondence or other communications from any other entity or persons regarding or referencing claims asserted by any such entity or person arising from the incident that forms the basis of this suit.

48. Copy of all documents filed with the United States Department of Transportation and/or Federal Motor Carrier Safety Administration or any State Motor Carrier Administration

10

regarding your motor carrier license, including but not limited to all MCS-150 forms and any supplements or amendments thereto.

49. Accident registers maintained pursuant to 49 C.F.R. 390 for the past 3 years. If you do not keep accident registers pursuant to this statute, then produce all lists or registers of accidents that you otherwise do keep in your records.

50. All documents and reports relating to any drug and alcohol program in which you have participated, including any such reports relating to you for the last two (2) year period.

51. All computerized tracking information, including tachograph or other on-board recording device, GPS, and radar records for the driver and/or the tractor-trailer, including satellite tracking, driver messaging, dispatcher's sheets, registers, and other records pertaining to movement of the tractor or trailer or other vehicle you were driving that was involved in the incident for the 6-month period prior to the incident.

52. The actual electronic control module, black box, onboard computer, or other engine computer containing data regarding the movements or operation of the vehicle you were driving at the time of the incident in question.

53. All data relating to the electronic control module (ECM), black box, any onboard computer or other engine computer for the vehicle that you were driving that was involved in the incident for the day of the incident and for the 6-month period prior to the incident.

54. Bills of ladings, consignor's shipping orders and shipping tickets, freight bills regarding the load being transported at the time of the incident.

55. All records from any Electronic On-Board Recorder (EOBR) relating to your hours-of-service (HOS) from any vehicle for the one-month period preceding and including the date of the incident that forms the basis of this suit.

56. Complete Driver Investigation History (DIH) File for you.

57. All information, including billings, reflecting cellular phone or any other mobile communication device usage for any device available to you on the date of the incident that forms the basis of this matter, including, but not limited to, all incoming and outgoing calls, incoming and outgoing SMS and MMS text messages, and emails.

11

58. All trip and/or operational documents pertaining to your activities, including driving, for the 7 days prior to and including the day of the incident, including but not limited to timesheets, mileage records, invoices, receipts for any trip expenses, such as fuel, food, lodging, equipment maintenance or repair.

59. Your own policies and procedures that you maintain for yourself, separate and apart from any policies and procedures of any company for which you were employed and/or contracted at the time of the incident in question.

60. All data and video from any event recording technology systems such as SmartDrive or any other similar event recording system.

61. All data and information from any collision avoidance systems such as VORAD or any other similar collision avoidance system.

62. All federal, state, and/or local civil penalties or fines that have been imposed on you in the last three (3) years as a result of using a cellular phone while driving, as well as the outcome or result of any civil penalties, including, but not limited to, driver disqualification.

63. All permits and other documents issued to you that authorize you to function as a driver of a commercial vehicle in the United States, the State of Texas, and/or any other state or any subdivision thereof.

64. All applications made by you to any federal agency, department, or administration relating to driving vehicles of any kind.

65. All MCS-150 forms, as well as any forms you have completed pursuant to the URS (Unified Registration System), along with all attachments.

66. All MCS-150A forms, as well as any forms you have completed pursuant to the URS (Unified Registration System), along with all attachments.

67. All OP-1(P) forms, as well as any forms you have completed pursuant to the URS (Unified Registration System), along with all attachments.

68. All OP-FC-1 forms, as well as any forms you have completed pursuant to the URS (Unified Registration System), along with all attachments.

12

69. All BOC-3 forms you have completed, along with all attachments.

70. All BMC-91 and/or BMC-91X forms you have completed, along with all attachments.

71. All certificates of necessity you have completed, along with all attachments.

72. All permits and other documents issued to you that authorize you to function as a motor carrier in the United States, the state of Texas, and any other state or any subdivision thereof.

73. All permits of any kind.

74. All leases concerning the vehicle involved in the collision.

75. All contracts of sale of the vehicle involved in the collision.

76. All titles and ownership documents concerning the vehicle involved in the collision.

77. All documents and manuals provided by the manufacturer of the commercial motor vehicle.

78. All contracts you had with anyone concerning the transportation and/or delivery of the load on the commercial motor vehicle at the time of the collision.

79. All applications for insurance.

80. All insurance policies, including primary, excess, and umbrella.

81. All MCS-90B forms issued to you and/or otherwise applicable to you in connection with the occurrence made the basis of this lawsuit.

82. All MCS-82B forms issued to you and/or otherwise applicable to you in connection with the occurrence made the basis of this lawsuit.

13

83.  All MCS 150 motor carrier identification reports in your possession.

84.  All inspection reports conducted on any vehicle operated by you by any local, county, state or federal agency.

85.  Any and all documents showing your employment status and/or any contractual relationship and/or lessor/lessee relationship with any other Defendant named in this lawsuit, including, but not limited to your own personnel files, applications for employment, verification of previous employers, disciplinary records, training records, evaluations, lease agreements and contracts of employment.

86.  A copy of any and all employment contract(s) between you and any other Defendant in this case, which was or were in effect at the time of the collision made the basis of this lawsuit or which have become in effect since the date of the collision.

87.  All pay stubs, copies of pay checks, and any other documents evidencing the amount and dates that you were paid from any source for 6 months prior to and 6 months after the collision made the basis of this lawsuit.

88.  All documents that reflect any and all disciplinary action taken against you for the one-year period preceding the occurrence in question up through the present day.

89.  All documents showing your activities on the date of the collision made the basis of this lawsuit. This request includes, but is not limited to all logs, billings, invoices, gate passes, or other documents which show each scheduled delivery and pickup, each actual delivery and pickup, and the time of each delivery and pickup.

90.  All documents showing any investigation of the incident made the basis of this lawsuit.

91.  All documents showing the procedures followed by you for investigating an accident and in notifying your carrier of an accident.

92.  Any surveillance reports, investigative notes, photographs or videotapes taken of any Plaintiff at any time prior to trial.

93.  All documents evidencing the relationship between you and any other Defendants in this case at the time of the collision made the basis of this lawsuit.

14

94.    Copies of any partnership agreements, independent contractor agreement, or any other kind of working agreement, between you and any other person or entity that was or were in effect on the date of the incident made the basis of this suit.

95.    Produce a copy of all medical records you have pertaining to any Plaintiff.

96.    Produce a copy of all employment records you have pertaining to any Plaintiff.

97.    Produce a copy of all documents showing any claim or reference to any bodily injuries made by any Plaintiff prior to the occurrence in question.

98.    Produce a copy of all documents showing any bodily injury claims made by any Plaintiff for events occurring subsequent to the occurrence in question.

99.    Produce a copy of all documents showing any prior injuries sustained by any Plaintiff that you claim are related to the injuries or damages being sought in this case by any Plaintiff.

100.   Produce a copy of all documents showing subsequent injuries sustained by any Plaintiff that you claim are not related to the incident in question.

101.   All documents referenced by you in your answers to any interrogatories.

102.   All documents which reflect any other lawsuits or legal proceedings in which you have been a party. This includes copies of pleadings, court orders and judgements, correspondence, transcripts of depositions or trial testimony, exhibits, etc.

103.   All documents and other tangible things comprising, reflecting, or otherwise commemorating any oral or written contract, understanding, or agreement between you and any other person concerning this lawsuit, including your attorneys. This includes, without limitation, any partial settlements or releases of any of your claims; any "Mary Carter" agreements; any partial assignments of your claims to others; any subrogation agreements; any indemnity agreements; any understandings regarding allocation of jury strikes; any understandings regarding positions various parties may assert during pretrial discovery or at trial; and any other sort of contract, agreement, joint defense, or other understanding that relates directly or indirectly to this lawsuit.

15

Respectfully submitted,

THOMAS J. HENRY INJURY ATTORNEYS
521 Starr Street
Corpus Christi, Texas 78401
Tel.  (361) 985-0600
Fax. (361) 985-0601
Service email: *bfarney-svc@thomasjhenrylaw.com*

By: _____
L. Brent Farney
State Bar No. 00826580

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument was duly served upon Defendants contemporaneously with service of *Plaintiff's Original Petition and Certificate of Written Discovery.*

_____
L. Brent Farney

16

NO. _____

| | | |
|---|---|---|
| **MICHAEL DOGGETT** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | | |
| | § | |
| **VS.** | | **BEXAR COUNTY, TEXAS** |
| | § | |
| **RINOK CORP. AND** | | |
| **TALGAT USMANOV** | § | ___ **JUDICIAL DISTRICT** |
| *Defendants* | | |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT TALGAT USMANOV

To:   Talgat Usmanov

You are notified that:

These Interrogatories are served on you pursuant to the Texas Rules of Civil Procedure.

If these Interrogatories have been served on you after you answered this lawsuit, your responses are due no later than thirty (30) days after service hereof; if these Requests have been served on you contemporaneously with the Citation and Original Petition in this case, your responses are due no later than fifty (50) days after service of the Citation and Original Petition.

In responding to these Interrogatories, you are instructed to comply with all applicable Texas Rules of Civil Procedure, including but not limited to Tex. R. Civ. Pro. 197, 193, and 215. These Requests are continuing in character and require you to serve supplemental answers if you subsequently obtain further or different information and materials.

In the event you withhold from your answers any information and material that you claim is privileged, you are request to identify all information and material withheld pursuant to Tex. R. Civ. P. 193.

## DEFINITIONS

As used herein, the terms **"you"** and **"your"** refer to this Defendant, its/his/her attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

As used herein, the term **"documents"** means and includes all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested. In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

**"Person"**: The term **"person"** includes individuals, associations, partnerships, corporations, and any other type of entity.

2

**"Identify" or "Identification":**

(a)    When used in reference to a person, **"identify"** or **"identification"** means to state his or her full name, present or last known residence address, present or last known business address and telephone number, job title and job description.

(b)    When used in reference to a public or private corporation, governmental entity, partnership or association, **"identify"** or **"identification"** means to state its full name, present or last known principal business address, the name of its Chief Executive Officer, and telephone number.

(c)    When used in reference to a document, **"identify"** or **"identification"** shall include the following:

(i)    the title, heading, or caption, if any, of such document;

(ii)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)    the physical location of the document and the name of its custodian or custodians.

**"The collision"** or **"the accident"** or **"collision in question"** or **"occasion in question"** or **"occurrence in question"** or **"incident in question"**, as used herein, refers to the occurrence made the basis of this lawsuit.

3

## FIRST SET OF WRITTEN INTERROGATORIES

1.    State your full legal name, address, cell phone number(s), driver's license number, social security number (last four digits only), and date of birth. If anyone is assisting you providing any information in answering these interrogatories, identify such persons and state which interrogatories each person assisted you in answering.

**ANSWER:**

2.    State each act and/or omission on the part of the Plaintiff or the driver of the Plaintiff's vehicle which caused or contributed to the collision made the basis of this lawsuit. For each such act and/or omission, state whether you witnessed such act and/or omission personally, or whether you heard or learned of such act and/or omission from another person or source. If you heard or learned of such act and/or omission from another person or source, identify each person or source from whom you heard or learned of such information.

**ANSWER:**

3.    State each factor, *other than* the alleged negligence of the Plaintiff or driver of the Plaintiff's vehicle, which you believe contributed to this collision including, but not limited to, acts or omissions of negligence of another person or entity or any potential Third-Party Defendants; sudden emergency(ies); factors that made this accident an unavoidable accident; mechanical defect(s); and Act(s) of God. For each factor you identify, state how each such factor contributed to this collision.

**ANSWER:**

4.    State all pre-existing physical or medical condition(s) of each Plaintiff which you now contend and/or will contend at trial caused or contributed to the Plaintiff's damages.

**ANSWER:**

5.    Identify each traffic citation or traffic ticket you have received in the past five (5) years. As used in this Interrogatory, "Identify" means to state the date of each citation/ticket, the location of the citation/ticket (city and state), the reason for the citation/ticket, and the disposition of the citation/ticket.

**ANSWER:**

6.    Identify each motor vehicle collision in which you have been involved as a driver, excluding the incident made the basis of this suit. As used in this Interrogatory "Identify" means to state the date of the collision, the location (street, city, and state), the identity of the other driver(s) involved, and, if fault was determined, identify who was found at fault.

4

**ANSWER:**

7.    If any driver's license you have ever held has ever been suspended or revoked, or if any action has ever been initiated to suspend or revoke any driver's license ever held by you, identify for each such license the agency that initiated the suspension proceeding and/or revocation proceeding, and the reason(s) for each suspension and/or revocation.

**ANSWER:**

8.    If you have ever been arrested for any offense other than minor traffic violations, state the date of each arrest, the name of each arresting agency, the city and state, the offense charged, the Court, the type of plea entered, and the disposition of each arrest.

**ANSWER:**

9.    Identify (as defined in the Definitions herein) each of your employers for the last ten (10) years, including dates of employment, your job title, your job duties, how you were paid (commission, hourly, salary), and the reason each employment ended.

**ANSWER:**

10.   Describe each location where you had been the day of this collision in chronological order leading up to this collision, providing the times (exact, if known, or otherwise the approximate times) you were at each location, what you were doing at each location, where you were going at the time of the collision, the purpose of that particular trip, and the time you were scheduled to arrive at the destination to where you were headed at the time the collision occurred. Include in your description the speed or estimated speed that your vehicle was traveling at the time of the incident.

**ANSWER:**

11.   If you received a citation or ticket as a result of this collision, state the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) in which you resolved the citation or ticket.

**ANSWER:**

12.   State whether or not you were acting within the course and scope of any agency, employment (including self-employment), or service at the time of this collision, and describe the relationship of the persons involved (i.e., employer/employee).

**ANSWER:**

13.   State in detail what intoxicating beverages, medications, or other controlled substances, if any, you consumed in the forty-eight (48) hour-period prior to the collision.

**ANSWER:**

5

14.     Please provide the name(s) and address(es) of the cellular and/or wireless telephone company and the telephone number of all cellular and/or wireless telephones and other electronic communication devices that were in your vehicle and in your possession at the time of the collision. If you had a passenger, identify that passenger, and include the same information for any cellular devices and/or wireless telephones and other electronic communication devices that were in their possession in your vehicle at the time of the collision.

**ANSWER:**

15.     Please identify all illnesses and physical conditions (including visual conditions) you have for which you regularly take prescription medication, identifying the prescription medication in question and frequency and amount of dosage.

**ANSWER:**

16.     Please describe any Drivers Training provided by your employer and identify the instructor(s) and the dates that any such training took place.

**ANSWER:**

17.     Please describe any action (reprimand, suspension, termination, etc.) taken against you by your employer because of the incident made the basis of this lawsuit, indicate whether it was made orally and/or in writing or both, and in your description, identify all persons with knowledge of such action.

**ANSWER:**

18.     Please identify every clinic, health care provider, social worker, or other individual or business you have attended for the purpose of alcohol or drug rehabilitation and indicate whether same was ordered by the court, was a condition of parole, or was voluntary.

**ANSWER:**

19.     Please identify each and every clinic, hospital or other laboratory where you were tested for alcohol or drugs within a 30-day period following the day of the accident in question, as well as including the day of the accident.

**ANSWER:**

20.     Please identify by date, time and place any alcohol or drug test you have ever failed and, if your employer terminated you after failing such a test, identify the employer and date of termination.

**ANSWER:**

6

21.   Please describe the identity of, and the relationship between, the owner of the vehicle you were driving on the day of the incident, your employer(s), and any other entity or individual who had any ownership or other interest in the vehicle, equipment, load, or persons involved in the collision made the basis of this lawsuit.

**ANSWER:**

22.   Identify all persons with whom you spoke at the scene of the collision, including but not limited to police officers, medical personnel, the Plaintiff(s), and any witnesses. If you spoke to any Plaintiff, state briefly what you told each Plaintiff, and state briefly what you were told by each Plaintiff.

**ANSWER:**

Respectfully submitted,

THOMAS J. HENRY INJURY ATTORNEYS
521 Starr Street
Corpus Christi, Texas 78401
Tel.  (361) 985-0600
Fax. (361) 985-0601
Service email: *bfarney-svc@thomasjhenrylaw.com*

By:   _____
L. Brent Farney
State Bar No. 06826580

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the above and forgoing instrument was duly served upon Defendants contemporaneously with service of *Plaintiff's Original Petition and Certificate of Written Discovery*.

_____
L. Brent Farney

7

# EXHIBIT A

# (3)

FILED
7/11/2018 4:43 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Jackson

# CIVIL CASE INFORMATION SHEET

## 2018CI12740

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____    COURT *(FOR CLERK USE ONLY):* _____    225th

STYLED Michael Doggett v Rinok Corp. and Talgat Usmanov
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>L. Brent Farney | Email:<br>bfarney@tjhlaw.com | Plaintiff(s)/Petitioner(s):<br>Michael Doggett | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:<br>521 Starr St. | Telephone:<br>210-656-1000 | Defendant(s)/Respondent(s):<br>Rinok Corp. and<br>Talgat Usmanov | Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |
| City/State/Zip:<br>Corpus Christi, TX 78401 | Fax:<br>361-985-0601 | | |
| Signature:<br>*[signature]* | State Bar No:<br>06826580 | *[Attach additional page as necessary to list all parties]* | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions**<br>**(non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br>☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br>☐ Other Injury or Damage: | ☐ Eminent Domain/Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

EXHIBIT A

(4)

FILED
7/12/2018 12:46 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

Cause Number: 2018-CI-12740

District Court : 225TH



2CIT/PPS SAC3

## Donna Kay McKinney
## Bexar County District Clerk

### Request for Process

Style: MICHAEL DOGGETT          Vs. RINOK CORP. and TALGAT USMANOV

Request the following process: (Please check all that Apply)

☑ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Temporary Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept *without a hearing* ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**
**Name:** RINOK CORP.
**Registered Agent/By Serving:** RINAT USMANOV
**Address** 1242 GRANT CT., HOLLYWOOD, FLORIDA 33019
**Service Type:** (Check One) ☑ *Private Process* ☐ Sheriff ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**2.**
**Name:** TALGAT USMANOV
**Registered Agent/By Serving:** _____
**Address** 1242 GRANT CT., HOLLYWOOD, FLORIDA 33019
**Service Type:** (Check One) ☑ *Private Process* ☐ Sheriff ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**3.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ Sheriff ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**4.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ Sheriff ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**Title of Document/Pleading to be Attached to Process:** PLAINTIFF'S ORIGINAL PETITION AND CERTIFICATE OF WRITTEN DISCOVERY

PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANTS; PLAINTIFF'S FIRST INTERROGATORIES AND REQ. FOR PRODUCTION TO DEF. RINOK CORP. and PLAINTIFF'S FIRST INTERROGATORIES AND REQ. FOR PRODUCTION TO DEF. TALGAT USMANOV

**Name of Attorney/Pro se:** L. BRENT FARNEY          **Bar Number:** 06826580
**Address:** 521 STARR STREET          **Phone Number:** 210-656-1000
CORPUS CHRISTI, TEXAS 78401

**Attorney for Plaintiff** X _____ **Defendant** _____ **Other** _____

***\*\*\*\*IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED\*\*\*\****

# EXHIBIT A

# (5)

PRIVATE PROCESS

Case Number: 2018-CI-12740

2018CI12740  S00001

MICHAEL DOGGETT
**VS.**
RINOK CORP ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   RINOK CORP
              BY SERVING RINAT USMANOV, AN OFFICER OF THE COMPANY

7/18/18

K. L. Drodd

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND CERTIFICATE OF WRITTEN DISCOVERY , a default judgment may be taken against you." Said ORIGINAL PETITION AND CERTIFICATE OF WRITTEN DISCOVERY  was filed on the 11th day of July, 2018.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 16TH DAY OF JULY A.D., 2018.

L BRENT FARNEY
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401-2344



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Daniela Ramos*, Deputy

---

| MICHAEL DOGGETT | | |
|---|---|---|
| VS | **Officer's Return** | Case Number: 2018-CI-12740 |
| RINOK CORP ET AL | | Court: 225th Judicial District Court |

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND CERTIFICATE OF WRITTEN DISCOVERY  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees :_____ Badge/PPS #:_____ Date certification expires:_____
_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____
_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20_____.

_____
Declarant

Document Type: ENTIRE FILE CERTIFIED

Page 55 of 59

FILE COPY (DK002)

**DOCUMENT SCANNED AS FILED**

# EXHIBIT A

# (6)

PRIVATE PROCESS

Case Number: 2018-CI-12740



2018CI12740  S00002

MICHAEL DOGGETT
VS.
RINOK CORP ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:  TALGAT USMANOV

7/18/18

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND CERTIFICATE OF WRITTEN DISCOVERY , a default judgment may be taken against you." Said ORIGINAL PETITION AND CERTIFICATE OF WRITTEN DISCOVERY  was filed on the 11th day of July, 2018.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 16TH DAY OF JULY A.D., 2018.

L BRENT FARNEY
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401-2344



Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By : Daniela Ramos , Deputy

---

MICHAEL DOGGETT
VS
RINOK CORP ET AL

**Officer's Return**

Case Number: 2018-CI-12740
Court: 225th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and;(   ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND CERTIFICATE OF WRITTEN DISCOVERY  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or (  ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20____.

Case Number: 2018CI12740

Document Type: ENTIRE FILE CERTIFIED

Page 58 of 59

_____
Declarant

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

# EXHIBIT A

## (7)

PRIVATE PROCESS

Case Number: 2018-CI-12740



2018CI12740  S00981

MICHAEL DOGGETT
VS.
RINOK CORP ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

'THE STATE OF TEXAS'

Directed To:   RINOK CORP
BY SERVING RINAT USMANOV, AN OFFICER OF THE COMPANY

**SEE ATTACHED AFFIDAVIT**
INCORPORATED HEREIN FOR ALL PURPOSES

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION AND ORIGINAL PETITION AND CERTIFICATE OF WRITTEN DISCOVERY , a default judgment may be taken against you." Said ORIGINAL PETITION AND CERTIFICATE OF WRITTEN DISCOVERY  was filed on the 11th day of July, 2018.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 16TH DAY OF JULY A.D., 2018.

L BRENT FARNEY
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401-2344

**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Daniela Ramos*, Deputy

---

MICHAEL DOGGETT
VS
RINOK CORP ET AL

**Officer's Return**

Case Number: 2018-CI-12740
Court: 225th Judicial District Court

I received this CITATION on 7/24/18 at 1:24 o'clock P.M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND CERTIFICATE OF WRITTEN DISCOVERY  the date of delivery endorsed on it to the defendant, Rinat Usmanov , in person on the 7/27/18 at 3:01 o'clock P.M. at 1242 Grant Ct Hollywood Fl or ( ) not executed because

Fees:_____ Badge/PPS #: 1384 Date certification expires: 9/30/18

Broward County, FL

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

**SEE ATTACHED AFFIDAVIT**
INCORPORATED HEREIN FOR ALL PURPOSES

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20____.

_____
Declarant

RETURN TO COURT (DK002)

DOCUMENT SCANNED AS FILED

## VERIFIED RETURN OF SERVICE

State of Texas                    County of Bexar

Case Number: 2018-CI-12740

Plaintiff:
**Michael Doggett**

vs.

Defendant:
**Rinok Corp and Talgat Usmanov**

For:
Thomas J. Henry
Thomas J. Henry Injury Attorneys

Received by S & K Court Services Plus on the 24th day of July, 2018 at 1:24 pm to be served on **Rinok Corp** by serving Rinat Usmanov an officer of the company, **1242 Grant Court, Hollywood, FL 33019.**

I, Christine L. Nankervis, being duly sworn, depose and say that on the **27th day of July, 2018 at 3:01 pm, I:**

**Served** the within named corporation by delivering a true copy of the **Citation and Petition and Certificate of Written Discovery** with the date and hour of service endorsed thereon by me to Rinat Usmanov at **1242 Grant Court, Hollywood, FL 33019** who is the **Registered Agent** of the within named corporation, after informing said person of the contents of the matter thereof in compliance with FL State Statutes 48.091.

**Description** of Person Served: Age: 40, Sex: M, Race/Skin Color: White, Height: 5'9", Weight: 180, Hair: Light Brown, Glasses: -

I certify that I am a Special Process Server over the age of eighteen, appointed by the Sheriff's Office in the County in which it was served, that I am in good standing and have no interest in the above action. Under penalties of perjury, I declare that I have read the forgoing Verified return of service and the facts stated in it are true and correct. Pursuant to F.S. 92.525(2), Notary not required. Date: _AUG 0 1 2018_

Subscribed and Sworn to before me on the __1__ day
of _Aug__ _2018_ by the affiant who is
personally known to me.

NOTARY PUBLIC

CRYSTAL MICHELIN
Commission # GG 193422
Expires April 2, 2022
Bonded Thru Budget Notary Services

Christine L. Nankervis
Special Process Server#1384

S & K Court Services Plus
301 South Main Avenue
San Antonio, TX 78204
(210) 218-9175

Our Job Serial Number: LRA-2018009156

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

DOCUMENT SCANNED AS FILED

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*August 17, 2018*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

**By:** _____

BRENDA TRUJILLO, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL DOGGETT | § | |
| | § | |
| | § | |
| V. | § | Civil Action No. _____ |
| | § | |
| RINOK CORP AND | § | |
| TALGAT USMANOV | § | |

**LIST OF COUNSEL OF RECORD**

| | |
|---|---|
| Michael Doggett<br>Plaintiff | Thomas J. Henry<br>State Bar No.  0948210<br>L. Brent Farney<br>State Bar No.  06826580<br>Thomas J. Henry Injury Attorneys<br>521 Starr Street<br>Corpus Christi, Texas 78401<br>Telephone: (361) 985-0601<br>Fax: (361) 985-0601<br>bfarney-svc@thomsjhenrylaw.com |
| Rinok Corp. | Robert A. Valadez<br>State Bar No.  20421845<br>David L. Jones<br>State Bar No.  2400237<br>Shelton & Valadez, P.C.<br>600 Navarro, Suite 500<br>San Antonio, Texas  78205<br>Telephone:  (210) 349-0515<br>Fax:  (210) 349-3666<br>rvaladez@shelton-valadez.com |

1

430132/09.0006

Respectfully submitted,

ROBERT A. VALADEZ
State Bar No. 20421845
Shelton & Valadez, P.C.
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Telecopier: (210) 349-3666
rvaladez@shelton-valadez.com

**COUNSEL FOR DEFENDANT
RINOK CORP.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was electronically filed and served in accordance with the Federal Rules of Civil Procedure on the 17th day of August, 2018, to counsel of record as follows:

*Via Email & CM/RRR*
Thomas J. Henry
L. Brent Farney
THOMAS J. HENRY INJURY ATTORNEYS
521 Starr Street
Corpus Christi, Texas 78401
bfarney-svc@thomsjhenrylaw.com

ROBERT A. VALADEZ

2

430132/09.0006